■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY PORTER, Appellant.—Judgment of the Supreme Court, New York County (Paul Bookson, J.), rendered on July 29, 1985, convicting defendant, following a jury trial, of one count of criminal possession of a controlled substance in the third degree and, upon his plea of guilty, of attempted bail jumping in the first degree, and sentencing him, as a predicate felon, to concurrent terms of imprisonment of 4½ to 9 years and 1½ to 3 years, respectively, is modified on the law to the extent of reducing the sentence on the charge of attempted bail jumping in the first degree to one year to be served concurrently with the sentence on the other offense, and otherwise affirmed.

Defendant asserts, and the People agree, that the sentence of 1½ to 3 years' imprisonment, which he received in connection with his conviction for attempted bail jumping in the first degree was illegal. At the time that sentence was imposed, bail jumping in the first degree was a class D felony (Penal Law § 215.57). Attempted bail jumping in the first degree was thus a class E felony (Penal Law § 110.05), and defendant was

sentenced accordingly. However, the classification of the crime involved had been changed by statutory amendment (L 1983, ch 277, § 2) subsequent to the date that defendant failed to appear in court on May 23, 1983, or 30 days thereafter. Since the offense was committed when the prior statutory scheme was in effect, and bail jumping in the first degree was then a class E felony, rendering attempted bail jumping in the first degree a class A misdemeanor, the maximum permissible sentence was one year in jail (Penal Law § 70.15). We have considered defendant's other assertions and find them to be without merit. Concur—Sandler, J. P., Sullivan, Ross, Milonas and Wallach, JJ.